**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 00-10074
Civil Action No. 3:94-CV-1788-P

DANIEL JOE HITTLE,

Petitioner,

versus

GARY JOHNSON, Director, Texas Department of Criminal Justice,
Institutional Division,

Respondent.

**Appeal from the United States District Court for the**
**Northern District of Texas**

August 3, 2000

Before DAVIS, JONES, and BARKSDALE, Circuit Judges.

By EDITH H. JONES, Circuit Judge:[*]

Appellant Daniel Joe Hittle has applied to this court for a certificate of appealability after being denied section 2254 relief by the federal district court. The contentions he raises are the same as those that he presented unsuccessfully to the district court. Finding no issue that deserves encouragement to proceed further, we deny COA.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hittle was indicted in November 1989 for the capital murder of Gerald Walker, a Garland, Texas police officer. During the same crime spree, Hittle killed four other individuals. He was found guilty of capital murder and sentenced to death. The Texas Court of Criminal Appeals affirmed the conviction and sentence. Hittle v. State, No. 71,138 (Tex. Crim. App. -- April 7, 1993) (unpublished). Certiorari was denied by the U.S. Supreme Court. Hittle exhausted his state court post-conviction remedies and then applied to the federal district court for section 2254 habeas relief. The district court referred the matter to a magistrate judge whose lengthy and comprehensive report and recommendation denying relief it accepted.

Because the district court denied a certificate of appealability, Hittle has filed a motion for that relief in this court. In order to issue a COA, this court must be satisfied that Hittle has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)(2000). This showing requires the petitioner to demonstrate that the issues he asserts are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. See Slack v. McDaniel, ____ U.S. ____, 120 S.Ct. 1595, 1604 (2000); Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394 (1983). The standard for reviewing the merits of section 2254 claims is set

2

forth in the 1996 Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1]

In his motion, Hittle has raised the same claims that he put in issue before the district court. Unfortunately, he has not bothered to explain precisely why any of the district court's analysis or conclusions were wrong. Despite this shortcoming, we have reviewed each of Hittle's claims and agree with the district court's reasoning.

The first contentions relate to the trial court's accepting the resignation of Mrs. Nancy Schmidt from the jury, before the trial began, because of the need to care for a sick child. Hittle argues that the juror was not disqualified under state law, that the trial court should not have excused her, that he should not have replaced her with an alternate juror, and that he should have received a continuance and a later hearing to contest the factual basis for excusing Mrs. Schmidt. As the magistrate judge found, these objections are based on state law, which it is not in the power of the federal habeas court to address. Although Hittle asserts constitutional claims conclusionally, he presents neither facts nor law connecting the state trial court's actions to constitutional violations, and we

---

[1]      As revised, section 2254(d) states that writs of habeas corpus shall not be granted unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2000).

3

know of no constitutional ramifications to the state court's decisions.

Hittle next contends that the trial court failed to define "reasonable doubt" in its jury charge and thus erred by not applying retroactively a 1991 decision of the Texas Court of Criminal Appeals. This claim, like two of Hittle's other claims before us, was not raised in the state courts and is therefore procedurally barred from consideration in federal habeas corpus.[2] Smith v. Johnson, 99-20524 (5th Cir., July 12, 2000). In none of these claims has Hittle made any effort to demonstrate cause or prejudice that would constitute a basis for our avoiding the procedural bar.

Three challenges are asserted to the jury charge in the punishment phase: that it improperly imposed on petitioner a burden of proof concerning mitigating evidence; that the jury should have been charged that mitigating evidence could not be used as an aggravating circumstance; and that the jury should have been instructed that evidence admitted during the punishment phase of trial [such as an abusive childhood or mental disorder] could be used as mitigating evidence as a matter of law. These contentions are meritless. We agree with the magistrate judge's opinion, which

---

[2] The other claims that Hittle did not preserve in the state court system are his asserted denial of Sixth Amendment confrontation rights in regard to admission of the police dispatch tape concerning the events surrounding Officer Walker's death, and the due process implication of testimony from acquaintances which came in during the punishment phase of the case, that Hittle stated his intent to kill a game warden.

4

finds no constitutional flaw in the reasonable doubt instruction, because it properly places the burden of proof on the punishment phase issues on the state. The magistrate judge's opinion also relies on the analysis by the Texas Court of Criminal Appeals in regard to the court's instructions on how to treat mitigating evidence. The bottom line in those analyses is that constitutional law (a) does not require consideration of any mitigating evidence as a matter of law; (b) does not preclude a jury from considering mitigating evidence as an aggravating circumstance; and (c) in this case, did not require the giving of a <u>Penry</u> instruction because Hittle's personal background did not comport with <u>Penry</u>. The Supreme Court has recently instructed that federal courts are bound to accept the legal conclusions of state courts if they are objectively reasonable. <u>Williams v. Taylor</u>, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). Not only were the state court and district court conclusions reasonable, but we find no other plausible construction of the jury instructions here.

Raising a <u>Brady</u> claim, Hittle asserts that the state failed to turn over to him a cash register tape used to bolster testimony that Hittle's wife purchased certain shotgun shells from Outdoorsman Sporting Goods before the crime. The state court found as a matter of fact that no such tape existed. The state court's findings were adopted by the Texas Court of Criminal Appeals. Under federal law, "a determination of a factual issue made by a

5

State court shall be presumed to be correct". 28 U.S.C. § 2254(e)(1). Hittle has offered nothing to rebut the presumption of correctness. Accordingly, because there was no cash register tape, the state could not possibly have violated Hittle's rights by failing to disclose it before trial.

Hittle finally asserts five claims of unconstitutionally ineffective assistance of counsel. As the magistrate judge explained, Hittle has again failed to overcome findings of fact by the state courts that refute the basis for each of these ineffectiveness claims. In light of those factual findings, Hittle has not demonstrated that counsel was factually ineffective within the understanding of <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).

For all these reasons, the motion for certificate of appealability is **DENIED.**

6